IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAVAREOUS WILLIAMS,

    Plaintiff,
vs.                                                                       Case No: 1:11-cv-171-SPM-GRJ

JEFFREY BOYD, et al.,

    Defendants.
_____/

## O R D E R

Plaintiff, a prisoner presently confined at Suwannee Correctional Institution, initiated this case by filing a complaint and an amended complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. Docs. 1, 2, 4. Plaintiff's motion for leave to proceed as a pauper is deficient because he failed to complete an affidavit of indigency for prisoners, and failed to submit a certified copy of his prison account statement for the six-month period preceding the filing of the Complaint. A ruling on the motion will be deferred until such deficiencies are cured.

Further, the amended complaint is before the undersigned for screening pursuant to 42 U.S.C § 1915A, which provides that the Court "shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity," and shall dismiss the Complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"

In this case, Plaintiff alleges that Defendant Officer Jeffrey Boyd violated his rights under the Fourth and Fourteenth Amendments because Boyd conducted an

illegal detention and search of Plaintiff, and submitted a false affidavit and testimony in Plaintiff's criminal case.  Plaintiff alleges that Defendant Police Chief Joel DeCoursy violated his rights by failing to prohibit police officers from engaging in illegal actions, and by failing to take action on Plaintiff's complaints.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th

Cir.1998) (*overruled on other grounds* by *Iqbal*).

Initially, the Court concludes that Plaintiff has asserted no cognizable claims against Chief DeCoursy.  Chief DeCoursy cannot be held liable for the acts of Officer Boyd simply because he was Boyd's supervisor.  Plaintiff's claim that DeCoursy failed to prevent officers from engaging in illegal conduct and failed to act on Plaintiff's complaints about Boyd are too vague to establish that DeCoursy should be liable to Plaintiff under § 1983.

Further, Plaintiff may only "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" if he can demonstrate that the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Heck*, however, does not necessarily bar Fourth Amendment claims. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir.2003). "Because an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction." *Id*. Courts must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted. *Vickers v. Donahue*, 137 Fed. Appx. 285, 290 (11th Cir.2005) (unpublished opinion) (citing *Hughes*, 350 F.3d at 1160 n. 2). (quoting *Vickers,* 137 Fed. Appx. at 290) (unpublished).

Plaintiff's factual allegations are vague in that he does not explain exactly how the alleged violation of his Fourth Amendment rights occurred, and whether such violation pertains to the offense for which he is presently incarcerated.  Thus, the Court cannot determine whether Plaintiff's claims are barred by *Heck*.  Further, Plaintiff has

alleged no facts showing that the alleged violation caused him "actual, compensable injury." *Heck*, 512 U.S. at 478 n. 7.  The "injury" of being convicted and imprisoned is not encompassed within this phrase until the conviction has been overturned.  *Id*.  Although a successful § 1983 Plaintiff could be entitled to nominal damages even if not entitled to compensatory or punitive damages, such nominal damages ordinarily do not exceed $1. *Hughes*, 350 F.3d at 1162; *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978).

The Court takes judicial notice of the records of Alachua County Circuit Court, which reflect that Plaintiff was convicted in April 2011 of being a felon in possession of a weapon or ammunition, and sentenced to 10 years imprisonment.  Plaintiff's conviction is pending on appeal.  *See State of Florida v. Williams*, Case. No. 2010-CF-4865 (Alachua County Circuit Court).  If success on Plaintiff's Fourth Amendment claims would necessarily imply the invalidity of this conviction, then Plaintiff's claims are barred by *Heck*.  Plaintiff will be required to file a second amended complaint that clarifies the nature of his claims and the relationship of such claims to any sentence he is serving.

    Accordingly, it is **ORDERED AND ADJUDGED**:

1. A ruling on Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **DEFERRED.**  The Clerk shall forward the forms necessary for Plaintiff to seek leave to proceed as a pauper, and Plaintiff shall complete the forms and return them with the required account information **on or before January 3, 2012.**

2. The Clerk is directed to send Plaintiff a civil rights complaint form and instructions. Plaintiff shall fully complete the complaint form using clearly legible type or handwriting.  In amending his Complaint, Plaintiff shall not refer back to his original Complaint or incorporate any part of his original Complaint by reference.  Plaintiff shall set forth all of the specific offenses for which he was convicted as well as specific factual allegations as to how Defendant Boyd allegedly violated his Fourth Amendment rights, so that the Court can determine whether Plaintiff's claims in this action would

necessarily imply the invalidity of Plaintiff's underlying conviction. Plaintiff shall file the amended complaint, together with an identical service copy, **on or before January 3, 2012.**

3. Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute and for failure to obey an order of the court.

**DONE AND ORDERED** this 1st day of December 2011.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge